KLEES, Judge.
This appeal stems from a dispute over a contract of lease between the plaintiff (lessor) and defendant (lessee) covering certain commercial property. The written lease calls for a six-year primary term and gives the lessee the option to renew for one ten-year period at a specified monthly rent. The lease also provides that upon signing the contract, the lessee shall deposit with the lessor the sum of $15,000 to “serve as a security deposit for the faithful performance of the lease.” The lease is silent as to the disposition of the security deposit upon the expiration of the primary term.
In this case, the primary term expired in September 1984, and the lessee exercised his option to renew. He then started offsetting his monthly rent against the $15,- *1263 000 security deposit, which the lessor continued to hold. The lessor filed suit, claiming that the lessee owed him $77.00 in unpaid insurance premiums for the primary term of the lease, as well as back rent for the renewal term. After filing his initial petition, the lessor tried to have the lessee evicted by means of a Rule for Possession. After hearing testimony on the Rule, the trial judge decided that the security deposit should have been returned to the lessee upon expiration of the primary term of the lease, and that the lessee therefore was justified in offsetting his rent obligation. Accordingly, in a judgment dated July 8, 1985, the judge dismissed the Rule for Possession. No appeal was taken from this judgment.
Apparently persuaded by the plaintiff that there were still unresolved issues remaining between the parties, the judge tried the matter on December 2, 1985. After hearing the testimony, he dismissed the plaintiffs case, stating that he had already resolved, in the prior judgment, the issues of the petition to evict, the security deposit, and the rent owed. In his view, the only remaining issue was the $77.00 in insurance premiums allegedly owed to the lessor for the primary term of the lease. As to this allegation, the trial judge found that there was insufficient evidence to show that this sum was due at the time in question. Moreover, he reminded the parties of his earlier ruling and stated that any amount due at that time should have been taken out of the $15,000 which the plaintiff was illegally holding.
From this judgment, rendered on December 2, 1985, the plaintiff has appealed. In his brief, the plaintiff complains that the trial court erred by denying the Rule for Possession and by finding that the security deposit was to be returned to defendant at the end of the primary term. As these matters were disposed of by the trial judge in the July 8th judgment dismissing the Rule, which was not appealed timely, they are not now before us. See La.Code Civ. Pro. art. 2087. The only matter decided at the subsequent trial was the $77.00 allegedly owed the plaintiff for insurance premiums. Regarding this issue, we find no manifest error in the trial judge’s conclusion that there was insufficient evidence to prove that this amount was due.
Accordingly, for the reasons given, we affirm the trial court’s dismissal of plaintiff’s action.
AFFIRMED.